SADIE STERNBERG, an Infant under the Age of Fourteen Years, by REGINA STERNBERG, Her Guardian ad Litem, Appellant, v. THE CITY OF NEW YORK, Respondent.

First Department, May 24, 1929.

*Joseph Gans* of counsel [*C. Arthur Jensen* with him on the brief], for the appellant.

*Henry J. Shields* of counsel [*J. Joseph Lilly* and *Edward A. Gobel* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*, attorney], for the respondent.

PROSKAUER, J. Plaintiff claims to have been injured in Madison Square Park in the borough of Manhattan, city of New York. In the center of this park is a fountain. A jury might reasonably have

inferred from the testimony of plaintiff's witnesses that the sidewalk adjacent to the fountain was wet and slippery; that while plaintiff was walking on it she slipped and fell against a bent iron railing which formed a part of the barrier around the fountain; that this iron barrier had been out of repair for many weeks, and that the bar thereof upon which plaintiff struck was bent in such a manner as to constitute it a danger to any person who happened to slip or stumble upon the sidewalk near by.

In the complaint there were two charges of negligence. The first was that the city was responsible for permitting boys to play in the fountain and splash water upon the adjacent sidewalk. The learned trial justice correctly ruled that there was not sufficient evidence upon which to hold the city liable for this condition. He accordingly dismissed the complaint. His opinion does not mention, however, the question of the city's liability for negligence in permitting the iron barrier to remain in disrepair. Certain inconsistencies and contradictions in the testimony of plaintiff and her witnesses are matters to be considered by a jury. We think a *prima facie* case was made out requiring submission to the jury of the question of the city's negligence in permitting bars of the iron barrier to remain for an unreasonable length of time in a sufficiently bent condition to be dangerous to the passerby.

For these reasons the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH and O'MALLEY, JJ., concur; MERRELL and MARTIN, JJ., dissent.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.